IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff, | } | |
| | } | |
| vs. | } | Case No.  13-10130-01 MLB |
| | } | |
| JUAN SABINO MARQUEZ, JR.,<br>        Defendant. | } | |
| _____ | } | |

## MOTION TO DISQUALIFY THE UNITED STATES ATTORNEY OFFICE FOR THE DISTRICT OF KANSAS FROM PROSECUTION OF THE INSTANT CASE

COMES NOW the defendant, Juan Sabino Marquez, Jr., by and through his attorney, Steven K. Gradert, Assistant Federal Public Defender for the District of Kansas, and moves this Court for an order to disqualify the entire office of the United States Attorney for the District of Kansas in the prosecution of the instant case.

## FACTS

Defendant Marquez is charged in an Indictment with violation of 18 U.S.C. § 922(g)(1), for being a convicted felon in knowing possession of a firearm.  The Indictment was filed on July 31, 2013.  The prosecutor assigned to prosecute the case is Alan Metzger, Assistant United States Attorney for the District of Kansas.

It has come to the attention of counsel for the defendant that one of the Assistant United States Attorneys, Brent Anderson, was the personal victim of one of defendant Marquez's prior burglaries.  Specifically, it was a Sedgwick County District Court case, number 03CR2252.  The defendant remembered that after he had entered a guilty plea to the burglary, Mr. Anderson came to speak at his sentencing on February 19, 2004, and requested a much higher sentence than the plea bargain and the prosecutor were recommending to the court.

Counsel for defendant Marquez has notified the United States Attorney Office of this possible conflict.  Mr. Metzger has indicated that the office has been cleared to proceed with the prosecution after consultation with the Department of Justice's Office of General Counsel, the Department of Justice Office of Professional Responsibility and the Kansas Disciplinary Administrator.  Mr. Metzger and Ms. Debra Barnett, the local criminal chief, have assured counsel that Mr. Anderson was not involved in the acceptance of the case.  Mr. Anderson did not participate in the presentation of the case to the Grand Jury, that Mr. Anderson and Mr. Metzger have not had any conversation about this case and that Mr. Anderson has not been, nor will be, involved in any way in the prosecution of this case.

## ARGUMENT

It is the defendant's contention that because one of the prosecutors in the United States Attorney's Office for the District of Kansas has been a direct victim of a previous crime committed by him, that the prosecution and plea negotiations with the entire United States Attorney Office for the District of Kansas are affected.  The defendant submits that he has suffered prejudice in that the common practice in cases of his type, where defendant is subject to an Armed Career Criminal enhancement, was to amend the charges to possession of a stolen firearm, when that fact is present. This would allow the defendant to plead guilty and avoid the significant enhancement of A.C.C.A.

During the time the instant case has been pending, the United States Attorney's Office in the District of Kansas has changed its policy regarding these type of plea negotiations.  Specifically, they will now no longer make such amendments and will require a plea as charged that qualifies for the A.C.C.A. enhancement.  To the best of Mr. Marquez's counsel's knowledge, this policy has been applied consistently since its implementation.

2

Counsel for defendant Marquez acknowledges that case law does not offer much positive support for defendant's disqualification request.  In *United States v. Hubbard*, 493 F.Supp. 206 (D.D.C. 1979), the facts were similar in that an Assistant United States Attorney was a victim of one of the crimes for which the defendant was being prosecuted.  His office was burglarized.  The Court concluded that since the victim prosecutor was not involved in the prosecution and that none of the prosecutors involved in the prosecution show any special emotional stake in the outcome of the case, that disqualification was not necessary.  *Id*. at 208.

The Ninth Circuit has made it clear that the mere appearance of impropriety was insufficient and the appropriate standard for disqualifying an entire United States Attorney Office is a showing of actual prejudice.  See, *United States v. Nosal*, 2009 WL 482236 (N.D. Cal., 2009).

Finally, the Tenth Circuit has also considered the issue in *United States v. Bolden*, 353 F.3d 870 (10th Cir. 2003).  The Tenth Circuit stated that disqualification of an entire United States Attorney Office is almost always reversible error, because of the weighty separation of powers concerns it raises.  *Id.* at 875-876.  The Court noted that, "where it is shown that an Assistant United States Attorney is subject to a conflict of interest, the proper remedy is to remove that individual, not all of the attorneys in the district, for the case."  *Id*. at 875.

## CONCLUSION

Defendant Marquez has requested that this Court disqualify the entire office of the United States Attorney for the District of Kansas from prosecuting his case.  The defendant submits that because a member of that office's staff has been the victim of his prior crimes, that the entire office is affected and cannot continue to act in an impartial manner.

Respectfully submitted,


s/Steven K. Gradert
STEVEN K. GRADERT
KS Sup. Ct. No. 12781
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: steve_gradert@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2013, I electronically filed the foregoing MOTION TO DISQUALIFY THE UNITED STATES ATTORNEY OFFICE FOR THE DISTRICT OF KANSAS FROM PROSECUTION OF THE INSTANT CASE with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alan G. Metzger
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, KS  67202

Molly M. Gordon
Depew Gillen Rathbun McInteer, LC
8301 East 21st Street North, Suite 450
Wichita, KS 67206

One copy sent U.S. Mail to:

Juan Sabino Marquez, Jr.
c/o Butler County Jail
701 S. Stone Road
El Dorado, KS 67042

s/Steven K. Gradert
STEVEN K. GRADERT
KS Sup. Ct. No. 12781
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: steve_gradert@fd.org