IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,   }<br>           Plaintiff,                                }<br>                                                     }<br>vs.                                                 }           Case No. 13-10130-01 MLB<br>                                                     }<br>JUAN SABINO MARQUEZ, JR.,   }<br>           Defendant.                           }<br>_____} | |

## MOTION TO SUPPRESS

COMES NOW the defendant, Juan Sabino Marquez, Jr., by and through his attorney, Steven K. Gradert, Assistant Federal Public Defender for the District of Kansas, and moves this Court for a hearing and order suppressing any evidence seized during the warrantless search of the vehicle he was operating on July 26, 2013.

## FACTS

On July 26, 2013, Patrol South SCAT Officers Thatcher and Stucky were traveling northbound on Santa Fe Street in Wichita, Kansas. The officers observed a white Dodge Dakota pickup truck that had turned in front of them and was also traveling northbound. The officers noticed something about the 60-day temporary tag and thought it might be expired.

The officers activated their emergency lights to initiate a traffic stop. The vehicle was driven by Juan Marquez and there was a passenger in the front seat. The passenger was the co-defendant in this case, Nicole Thompson. While asking for Mr. Marquez's drivers license, the officers asked Mr. Marquez if he was on probation or parole and Mr. Marquez stated that he was on parole for a firearms violation.

Officer Thatcher believed that he saw the female passenger stuff something into the seat. At this point the officers asked both individuals to exit the vehicle and step back to the rear of the vehicle. Both individuals were patted down by the officers at the rear of the vehicle. While officer Stucky stayed with the cars occupants, officer Thatcher went back to see if he could see what Nicole had stuffed into the seat cushion. A Ruger .380 caliber handgun was recovered.

## ARGUMENT

Defendant Marquez challenges the warrantless search of the vehicle he was driving on July 26, 2013.

It appears that the officers may have had authority to stop the vehicle due to their observations relative to an expired 60-day license tag, and defendant does not challenge the initial stop.

After stopping the vehicle, the officers required the occupants to exit the vehicle. This is authorized regardless of whether there was reasonable suspicion or probable cause because the Supreme Court has established a bright-line rule that, during a lawful traffic stop, officers may order passengers out of the car as a matter of officer safety. *Maryland v. Wilson*, 519 U.S. 408, 415, 117 S. Ct. 882, 137 L. Ed. 2d 41(1997). See also *United States v. Holt*, 264 F.3d 1215, 1222 (10th Cir. 2001) (*en banc*). Once outside the vehicle, officer Thatcher began to examine the vehicle to see if he could see any contraband.

Counsel believes the officer will state that he found the firearm under the plain view doctrine. Under this doctrine, officers may properly seize evidence of a crime if (1) the officer was lawfully in a position from which the object seized was in plain view, (2) the objects incriminating character was immediately apparent (i.e., there was probable cause to believe it was contraband or evidence

of a crime), and (3) the officer had a lawful right of access to the object. *Horton v. California*, 496 U.S. 128, 136-37, 110 S. Ct. 2301, 2307-08, 110 L. Ed. 2d 112 (1990). See also *United States v. Sparks*, 291 F.3d 683, 690 (10th Cir. 2002).

Counsel submits that at a hearing on this motion the defendant intends to show that the officers cannot rely on the plain view doctrine to justify the warrantless search of Marquez's vehicle.

## CONCLUSION

For the above stated reasons, the defendant requests a hearing and order suppressing the firearm seized as a result of the warrantless search of the vehicle he was operating in violation of the Fourth Amendments restrictions against such seizures.

Respectfully submitted,

s/Steven K. Gradert
STEVEN K. GRADERT
KS Sup. Ct. No. 12781
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: steve_gradert@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2013, I electronically filed the foregoing MOTION TO SUPPRESS with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Alan G. Metzger
>Assistant U.S. Attorney
>301 N. Main, Suite 1200
>Wichita, KS 67202

One copy sent U.S. Mail to:

>Juan Sabino Marquez, Jr.
>c/o Butler County Jail
>701 S. Stone Road
>El Dorado, KS 67042

>s/Steven K. Gradert
>STEVEN K. GRADERT
>KS Sup. Ct. No. 12781
>Assistant Federal Public Defender
>Federal Public Defender Office
>301 N. Main, Suite 850
>Wichita, KS 67202
>Telephone: (316) 269-6445
>Fax: (316) 269-6175
>E-mail: steve_gradert@fd.org