**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUAN SABINO MARQUEZ, ) <br> ) <br> Defendant. ) <br> _____) | **CRIMINAL ACTION** <br><br> No. 13-10130-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to suppress. (Doc. 37). The motion has been fully briefed and is ripe for decision. (Docs. 39, 40). The court held an evidentiary hearing on January 7, 2014. Defendant's motion is denied for the reasons herein.

**I.  Facts**

At approximately 12:30 a.m. on July 26, 2013, Officer Robert Thatcher, an officer with the Wichita Police Department, was patrolling with Officer Amanda Stucky. Thatcher observed a white Dodge Dakota pickup driving with an expired tag. Thatcher initiated a traffic stop by activating his emergency lights. The vehicle slowed to the curb but then suddenly jerked when stopping. Both Thatcher and Stucky were concerned after the vehicle jerked. Thatcher testified that a jerky movement usually indicates that the driver is doing something or hiding something. After exiting the patrol car, Thatcher turned on his spotlight and approached the driver, defendant Juan Marquez. As he approached, Thatcher saw co-defendant Nicole Thompson, who was sitting in the passenger seat, stuff an object in the seat.

Stucky approached Thompson but did not witness her concealing an object.

Thatcher asked Marquez for driver's license. Thatcher also asked Marquez if he was on parole. Marquez informed Thatcher that he was on parole for a firearms violation. Due to Marquez' admission, Thatcher requested Marquez and Thompson exit the vehicle for the officers' safety. Both Marquez and Thompson were patted down by the officers and the officers did not find any items. Thatcher immediately returned to the truck to "see what was stuffed in the side of the seat." (Tr. at 14). Thatcher opened the door and went inside the passenger compartment. Thatcher saw the butt of a gun stuffed between the seat in the same location he had observed Thompson shove an object.

Marquez and Thompson were placed under arrest. After checking the vehicle tags, Thatcher determined that the tags were in fact expired and that they belonged to a different vehicle.

Marquez moves to suppress the gun on the basis that the vehicle search violated his Fourth Amendment rights.[1]

**II. Analysis**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court has liberally interpreted "seizures" to encompass routine traffic stops, "even though the purpose of the stop is limited and the resulting detention quite brief." See Delaware v. Prouse, 440

---

[1] Thompson did not join in the motion to suppress and, in fact, entered a plea of guilty in this case on October 7, 2013.

-2-

U.S. 648, 653 (1979). An initial traffic stop is justified at its inception if it was "based on an observed traffic violation," or if "the officer has a reasonable articulable suspicion that a traffic . . . violation has occurred." <u>United States v. Hunnicutt</u>, 135 F.3d 1345, 1348 (10th Cir. 1998).

In this case, the undisputed facts show that the traffic stop was justified. The subsequent pat down search was also lawful. <u>See United States v. Albert</u>, 579 F.3d 1188, 1195 (10th Cir. 2009)("During an investigative detention, police officers are authorized to take reasonable steps necessary to secure their safety and maintain the status quo. In some circumstances, these safety measures may include a pat-down search for weapons.") Therefore, the only issue in this case is whether the search of the passenger compartment of the vehicle was lawful.

Traffic stops are potentially violent encounters and, therefore, if appropriate facts exist to justify an officer's concern, a search may be justified by safety considerations. <u>Michigan v. Long</u>, 463 U.S. 1032, 1049, 103 S. Ct. 3469 (1983); <u>Ariz. v. Johnson</u>, 555 U.S. 323, 330, 129 S. Ct. 781, 786 (2009); <u>United States v. Dennison</u>, 410 F.3d 1203, 1210-11 (10th Cir. 2005). A police officer may therefore conduct a limited search for weapons if he "possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." <u>Long</u>, 463 U.S. at 1049 (quoting <u>Terry v. Ohio</u>, 392 U.S. 1, 21, 88 S. Ct. 1868 (1968)).

Defendant argues that Thatcher's testimony did not show any

-3-

concern for his safety and, therefore, the limited search was not justified. The Tenth Circuit, however, "has reasoned that the test of officer safety is objective rather than subjective, and therefore the officer need not personally be in fear." Dennison, 410 F.3d at 1213(citing United States v. Neff, 300 F.3d 1217, 1222 (10th Cir. 2002) (rejecting the defendant's argument that no grounds for a Terry frisk existed "because there was no evidence in the record that the officers in fact feared for their safety")).

Defendant further contends that the facts in this case, jerk of the car, hiding an object in the seat and a history of firearms possession are not sufficient for a reasonable officer to conclude that defendant was armed and dangerous. The officer does not have to be certain that an individual is armed, the question is whether a reasonable officer would believe that he was in danger. United States v. Hardy, No. 98-4017, 1998 WL 704706, *2 (Oct. 5, 1998).

In United States v. Palmer, 360 F.3d 1243 (10th Cir. 2004), the Tenth Circuit addressed a vehicle search in a case similar to this stop. The defendant in Palmer was observed reaching behind the seat and making movements in the vehicle as the officer approached. The defendant also did not immediately stop for the police, and the Circuit reasoned that this fact supported the officer's opinion that the defendant was attempting to hide an object. After the vehicle stopped, the officer learned that the defendant had a criminal record of being armed. The officer removed the defendant from the vehicle and proceeded to search the vehicle, ultimately locating a handgun in a locked box. The Circuit held that the observations of the defendant trying to hide something, coupled with his history of being an armed

-4-

felon was sufficient to support a "reasonable suspicion that Defendant was dangerous and was hiding a weapon in the glove box." Palmer, 360 F.3d at 1246.

In this case, there is no dispute that Thatcher observed Thompson stuffing something in the seat. Moreover, both officers were concerned by the jerking of the vehicle prior to the stop and testified that the action indicated that the driver was doing something or hiding something while driving. After the stop, Marquez admitted that he was on parole for a firearms violation. Moreover, the stop occurred after midnight and in a high crime area. The court finds "that the specific facts and circumstances here gave rise to a reasonable suspicion that [Marquez] was dangerous and could gain control of a weapon."[2] Id.

Finally, the court notes that the Long decision was not disturbed by Arizona v. Gant, 556 U.S. 332, 129 S. Ct. 1710 (2009). U.S. v. Chambers, No. 09-8086, 2010 WL 2413236, 2 (10th Cir. June 16, 2010)(citing Gant, 556 U.S. at 346 (distinguishing Long); Gant, 556 U.S. at 352 (Scalia, J., concurring) (clarifying that the holding of Long is undisturbed by Gant).

Marquez' motion to suppress is therefore denied. (Doc. 37).

IT IS SO ORDERED.

Dated this 30th day of January 2014, at Wichita, Kansas.

---

[2] The fact that Marquez was at the back of the vehicle does not preclude a determination that Marquez could gain control of the weapon. The Supreme Court and the Tenth Circuit have repeatedly held that a defendant may break away from officers and return to the vehicle to retrieve a weapon. E.g., Long, 463 U.S. at 1051-52; Palmer, 360 F.3d at 1247.

-5-

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE