IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN SABINO MARQUEZ, JR.,

    Defendant.

Case No. 13-10130-JTM-01
Case No. 16-1274-JTM

## MEMORANDUM AND ORDER

Before the court are Defendant/Petititoner Juan Sabino Marquez, Jr.'s motions to appoint counsel (Dkts. 96 and 98) and motion for extension of time to file a reply (Dkt. 98) in support of his motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 90). Petitioner requests appointment of counsel because he was previously appointed counsel, is currently unable to afford counsel, and is "unlearned in the law." Dkt. 96 at 1. He also seeks until December 29, 2016, in which to file a reply to the government's response, which he claims raised erroneous arguments. Dkt. 98 at 1.

A defendant generally has no right to counsel in the prosecution of a § 2255 motion, because the right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, Rule 8(c) of the Rules Governing Section 2255 Proceedings requires a court to appoint counsel if an evidentiary hearing is warranted. A court may also appoint counsel under 18 U.S.C. § 3006A(a)(2) if the interests of justice so require. Here, the Court has determined that no evidentiary hearing is necessary and therefore it need not appoint counsel under Rule 8. Similarly, the Court finds that appointment of counsel is not necessary under § 3006A(a)(2). Petitioner's claims are not particularly complex,

2

either legally or factually. Petitioner's pro se pleadings show him capable of articulating his claims. The Court grants Petitioner until December 29, 2016, to file a reply to the government's response.

**IT IS THEREFORE ORDERED** that the Petitioner's motions to appoint counsel (Dkts. 96 and 98) are **DENIED**; and his motion for an extension (Dkt. 98) is **GRANTED**.

**IT IS SO ORDERED** this 30th day of November, 2016.

s/   J. Thomas Marten
J. THOMAS MARTEN, District Judge