# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 13-10130-JTM-01

JUAN SABINO MARQUEZ, JR.,            Case No. 16-1274-JTM

        Defendant.

## MEMORANDUM AND ORDER

      Defendant/Petitioner Juan Sabino Marquez Jr. has moved *pro se* to vacate his sentence in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Mathis v. United States*, 136 S.Ct. 2243 (2016), arguing his five prior Kansas burglary convictions no longer qualify as crimes of violence after the invalidation of the Armed Career Criminal Act's (ACCA) residual clause. Dkt. 90. The government argues that the Kansas burglary statute does not sweep beyond generic burglary and thus constitutes a predicate violent felony under the ACCA. Dkt. 97 at 7. For the reasons stated below, the court finds defendant's Kansas burglary convictions do not qualify as ACCA predicates.

      "A crime counts as 'burglary' under the [ACCA] if its *elements* are the same as, or narrower than, those of generic burglary." *Mathis*, 136 S.Ct. at 2248 (emphasis in original). In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court identified the basic elements of generic burglary as: 1) unlawful or unprivileged entry into, or remaining in, 2) a building or structure, 3) with intent to commit a crime. *Id.* at 599. The Supreme Court also explained that burglary statutes that include places such as automobiles and vending machines were broader than the generic definition. *Id.* (citing, as an example, a Missouri statute that "included breaking

and entering any booth or tent, or any boat or vessel, or railroad car" (internal quotation marks omitted)).

The applicable Kansas burglary statute states:

> Burglary is knowingly and without authority entering into or remaining within any:
> (a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;
> (b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or
> (c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.

Kan. Stat. Ann. § 21-3715 (1993).[1] Subsection (a) covers residential burglaries, subsection (b) covers nonresidential burglaries, and subsection (c) covers mobile conveyances.

The government argues that because all five of defendant's Kansas burglary convictions were under subsection (a) and the elements of that subsection align with generic burglary, those convictions constitute crimes of violence. Dkt. 97 at 6-7. The government contends that like generic burglary, Kan. Stat. Ann. § 21-3715(a) requires that the location be a dwelling. *Id.* at 7. The government points out that the charging documents clearly demonstrate that the burglary offenses at issue were all burglaries of identifiable buildings that were dwellings. *Id.* at 8.

As an initial matter, the court declines the government's invitation to review the charging documents to conclude the convictions at issue were indeed generic burglaries (*i.e.*, burglaries of a building) because that would be an improper application of the modified categorical approach. That approach allows courts to look at a limited class of documents to determine what crimes, with what elements, a defendant was convicted of. *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor*, 495 U.S. at 602. In other words, when a statute is divisible, like Kan. Stat. Ann. § 21-3715, the court may look to the charging documents to determine whether the convictions

---

[1] Kan. Stat. Ann. § 21-3715 was recodified as Kan. Stat. Ann. § 21-5807 in 2011.

were under subsection (a), (b), or (c). Upon determining which subsection applies, the court must then compare that crime (*i.e.*, that subsection), as the categorical approach commands, with the relevant generic offense. Here, petitioner does not dispute that his convictions were under subsection (a).

A side-by-side comparison of the elements of Kan. Stat. Ann. § 21-3715(a) with generic burglary reveals the locational element of that statute is broader than generic burglary:

| Federal Generic Burglary | Kan. Stat. Ann. § 21-3715(a) |
| --- | --- |
| an unlawful entry or remaining in | knowingly and without authority entering into or remaining within |
| a building or other structure | a dwelling (a building, a tent, a vehicle or enclosed space which is used or intended for use as a human habitation, home or residence) |
| with intent to commit a crime | with intent to commit a felony, theft, or sexual battery |

The government's analysis ignores the Kansas definition of a dwelling. Kan. Stat. Ann. § 21-3110(7) (now Kan. Stat. Ann. § 21-51111(k)) defines dwelling as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." Because this definition includes a vehicle as a possible location to burgle, the court concludes that Kan. Stat. Ann. § 21-3715(a) is broader than generic burglary.

In *Mathis*, the Supreme Court concluded that Iowa's burglary statute covered a greater swath of conduct than generic burglary because it reached a broader range of places by covering vehicles. *Mathis*, 136 S.Ct. at 2250. Iowa's burglary statute states:

> Any person, having the intent to commit a felony, assault or theft therein, who having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure, commits burglary.

Iowa Code § 713.1. Iowa defined "occupied structure" as:

3

> [A]ny building, structure, appurtances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purposes of carrying on business or other activity therein, or for the storage or safekeeping of anything of value. Such a structure is an "occupied structure" whether or not a person is actually present. However, for purposes of chapter 713, a box, chest, safe, changer, or other object or device which is adapted or used for the deposit or storage of anything of value but which is too small or not designed to allow a person to physically enter or occupy it is not an "occupied structure".

Iowa Code § 702.12. Read together, a burglary in Iowa encompasses a broader range of places than generic burglary because it includes locations other than buildings and other structures. *See Shepard v. United States*, 544 U.S. 13, 15-16 (2005) (Generic burglary covers buildings and other structures, but not vehicles.).

Like Iowa, Kansas has a statute that defines the locational element for the burglary statute. Even though the Kansas legislature has divided the burglary statute into three distinct types: (a) residential, (b) non-residential, and (c) mobile conveyances, it did not eliminate the possibility that a person may be convicted under subsection (a) for unlawfully entering a vehicle with the intent to commit a felony, theft or sexual battery. If the vehicle is used as a residence, then a defendant could conceivably be convicted of burglary under subsection (a). For the foregoing reasons, the court concludes Kan. Stat. Ann. § 21-3715(a) is broader than generic burglary and defendant's Kansas burglary convictions cannot serve as ACCA predicates.

**IT IS THEREFORE ORDERED** this 3rd day of January, 2017, that defendant's motion to vacate (Dkt. 90) is **GRANTED**.

**IT IS FURTHER ORDERED** that the probation office prepare an amended PSR. Upon receipt of the amended PSR, this matter will be set for resentencing.

s/ J. Thomas Marten
Chief United States District Judge